RENDERED:  APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0232-MR

TIMOTHY NOLAN                                                      APPELLANT

v.          APPEAL FROM CAMPBELL CIRCUIT COURT
            HONORABLE KATHLEEN S. LAPE, JUDGE
            ACTION NO. 17-CR-00487

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, ECKERLE, AND KAREM, JUDGES.

CALDWELL, JUDGE:  Timothy Nolan ("Nolan") appeals from the Campbell

Circuit Court's order denying the relief he requested in a motion filed pursuant to

Kentucky Rule of Criminal Procedure ("RCr") 11.42.  Having reviewed the record

and the briefs of the parties, we affirm.

# FACTS

In 2017, Nolan was indicted on a multitude of felony counts, most of which involved allegations of a sexual nature. The victims of some of the counts were minors. Following negotiations with the prosecution, Nolan entered guilty pleas to twenty-one counts, reserving the right to challenge the constitutionality of Kentucky Revised Statute ("KRS") 529.100, the human trafficking statute, which was the basis for some of the counts.

One of the counts had been amended to the charge of unlawful transaction with a minor under the age of sixteen (16) with a controlled substance. During his colloquy, the trial court read the factual basis for the amended charge to Nolan. Nolan entered a guilty plea to that count and many others. Nolan clearly understood not only the factual basis for the counts, but their consequences. Nolan was an attorney and had been a district court judge in Campbell County for decades, though he had not served as a judge for some time prior to his arrest and prosecution.

When Nolan appeared before the court again for sentencing, he informed the court that he had changed his mind and wished to withdraw his plea. Nolan specifically argued that the one count of unlawful transaction with a minor under sixteen (16) with a controlled substance was factually incorrect. He argued

that he did not realize his plea would require him to complete the Sex Offender Treatment Program in prison before he would be eligible for parole consideration.

At the sentencing, Nolan's privately retained counsel moved to withdraw, and Nolan was appointed a public defender. He requested to be allowed to act as his own co-counsel and the court held a hearing pursuant to *Faretta v. California*.[1] The court determined Nolan capable of acting as co-counsel and the matter was set for a hearing on the motion to withdraw the plea. That motion was ultimately denied, and Nolan was sentenced in accord with the plea deal.

Nolan filed a motion for shock probation soon thereafter and, during the litigation of the motion, it was discovered that the judgment erroneously left out the phrase "commercial sexual activity" in relation to each of the human trafficking counts to which Nolan had pleaded guilty. However, during sentencing, the fact that he had paid minors for sexual conduct had been read into the record during the entry of the plea and he had specifically pleaded guilty to each count. The trial court entered an amended judgment with the language included and Nolan appealed from the amended judgment.

On direct appeal, the Kentucky Supreme Court affirmed the trial court, holding that the failure to include the phrase "commercial sexual activity" had been an error of a clerical nature. On appeal, Nolan also raised the

---

[1] 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

constitutionality of the human trafficking statute and alleged that the trial court had interfered with his right to counsel.  The Supreme Court was unpersuaded by either of those arguments and affirmed the convictions and sentence.

Nolan then filed the RCr 11.42 motion now before us.  We affirm.

## STANDARD OF REVIEW

The denial of an RCr 11.42 motion is reviewed on appeal for an abuse of the trial court's discretion.  *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998).  Abuse of discretion has been defined as being arbitrary, unreasonable, unfair, or unsupported by sound legal principles.  *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

*1.  Amendment of Judgment*

Nolan alleges that the trial court erred in not allowing him the opportunity to withdraw his plea pursuant to RCr 8.10 when it amended the judgment to add the phrase "commercial sexual activity."  Nolan alleges that the change resulted in him having to serve 85% of his sentence before he would be eligible for parole, rather than 20% as was acknowledged by the trial court at the time of his sentencing.  He insists that the amendment amounted to the trial court "rejecting" the plea agreement, implicating RCr 8.10, which reads, in part:

> If the court rejects the plea agreement, the court shall, on
> the record, inform the parties of this fact, advise the

-4-

defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in that guilty plea the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Even if we were persuaded that the amendment amounted to a "rejection" of the plea agreement, which we are not, we are bound to follow the decision of the Kentucky Supreme Court in the direct appeal. The Supreme Court has already determined that the amendment corrected a "clerical error." The Supreme Court clearly already considered and passed judgment on this question, and we do not have the authority to rule differently:[2]

> A trial court generally loses power to amend its judgment ten days after its entry. *Winstead v. Commonwealth*, 327 S.W.3d 479, 485-86 (Ky. 2010). However, the court may amend a clerical error as opposed to judicial errors. RCr 10.10 provides that "[c]lerical mistakes in judgments . . . arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party. . . ." *Machniak v. Commonwealth* provides guidance for determining whether an error is clerical or judicial:
>
>> [A] discrepancy between a trial court's intended sentence and the final judgment is a clerical error where the

---

[2] "The Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court." Kentucky Supreme Court Rule 1.030(8)(a).

intended sentence was explicitly expressed by the trial court and fully made known to the parties, and such is readily apparent from the record of the sentencing hearing, with no credible evidence to the contrary.

351 S.W.3d 648, 654 (Ky. 2011).

As described *supra*, a human trafficking conviction involves either "forced labor or services" or "commercial sexual activity." KRS 529.010(5). Nolan's September 14, 2017 indictment included, among other things, nineteen counts of human trafficking, human trafficking of a minor, and criminal attempt human trafficking of a minor. All of those counts included the language "commercial sexual activity." The written plea agreement, signed by Nolan, failed to include the words "commercial sexual activity" in referencing the amended charges, but the facts for the human trafficking-related convictions involved sexual activity in exchange for payment of money or drugs, which constitutes "commercial sexual activity." During the plea colloquy, the trial court read the facts of each count summarized in the plea agreement and Nolan either admitted he engaged in the conduct for each count or admitted there was evidence sufficient to convict him of each count.

The written plea agreement also expressly required Nolan to register as a lifetime sex offender (consistent with the requirement for the amended offenses of Promoting Human Trafficking of Minor (Counts 1-4) and the amended offense of Criminal Attempt Human Trafficking of Minor (Count 25)), and "cooperate with the Commonwealth in the investigation and prosecution of other perpetrators of Human Trafficking, or any crimes consisting of sex offenses, pornography, or other offense related thereto. . . ." The trial court orally noted Nolan's requirement to register as a sex offender in its plea colloquy with Nolan. The Judgment and Sentence on Plea of Guilty included, as conditions of the sentence

-6-

imposed, the usual requirements that accompany sex crimes, i.e., completion of sex offender treatment, submitting a blood sample for DNA identification, HIV testing, sex offender registration notification, residency restrictions, and a five-year additional conditional discharge period post-incarceration.

The Commonwealth also points out that Nolan acknowledged in his written motion to withdraw his plea that he was aware he would have to register as a sex offender but complained about having to admit to the facts of one of the counts before he could complete the Sex Offender Treatment Program. When rejecting the plea withdrawal motion, the trial court found Nolan was aware of the program before entering the plea, that it was part of the plea negotiations, and that the Commonwealth had agreed to expedite transfer to the correctional institution so he could get started in the program promptly.

We agree with the trial court that it is impossible to conclude anything other than that Nolan knowingly pled guilty to and was found guilty of crimes involving commercial sexual activity and that the court sentenced him for those commercial sexual activity crimes. A clerical error occurred when the language "commercial sexual activity" was omitted from the order when referencing the human trafficking offenses but the trial court properly corrected that clerical error by amending the judgment. We reject Nolan's argument to the contrary.

*Nolan v. Commonwealth*, No. 2018-SC-000321-MR, 2020 WL 4047517, at 9-10

(Ky. Jul. 9, 2020).

Further, there is no evidence to support Nolan's contention to this

Court that the addition of the phrase "commercial sexual activity" in the amended

-7-

judgment caused his parole eligibility to be increased to 85% from 20%. In fact, he appeared before the Parole Board on March 9, 2021, well before the brief in this matter was submitted to the Court – a fact which we take notice of pursuant to Kentucky Rule of Evidence ("KRE") 201.[3] As he was sentenced to a total term of twenty (20) years' imprisonment, if his parole eligibility was to be 85%, he would not have been eligible to see the Parole Board until he served seventeen (17) years. As his term of imprisonment began in 2018, he clearly did not serve 85% of his sentence before being seen by the Parole Board in 2021.[4]

### 2. Factual Basis of Charge

Nolan alleges that there was an insufficient factual basis for the charge of unlawful transaction with a minor under the age of 16 involving a controlled substance. However, Nolan had already entered the plea by the time he alleges that counsel was ineffective for not providing proof of the victim's age at the time Nolan first met her, which he alleges was over 18. He had that knowledge at the time he entered the plea and remained silent, so he cannot now complain that his attorney was ineffective for not presenting information of which he was aware.

---

[3] http://kool.corrections.ky.gov/KOOL/Details/479751.

[4] We note that Nolan has appended documents to the Reply Brief concerning his classification and whether the Department of Corrections has considered him a sex offender such that he should be enrolled in the Sex Offender Treatment Program. None of these documents are included in the record and we will not give them any consideration. *See* Rules of Appellate Court ("RAP") 25(B).

"[T]he effect of a valid plea of guilty is to waive all defenses other than that the indictment charges no offense." *Commonwealth v. Elza*, 284 S.W.3d 118, 121 (Ky. 2009). In *Russell v. Commonwealth*, the defendant sought relief from his guilty plea to rape by alleging that the victim was already dead by his hand at the time of the sexual assault and that rape requires a living victim. He insisted that his attorney provided ineffective assistance by advising him to enter the plea as it was a legal impossibility. His counsel testified at the RCr 11.42 hearing that he so advised his client because he believed a jury would not be receptive to the argument that rape had not occurred because his client had already killed the victim by a gunshot to the head prior to the sexual assault. He also noted he feared that his client could well receive the death penalty from a jury. This Court noted that "[a]dvising a defendant to plead guilty does not, in and of itself, constitute ineffective assistance of counsel." 992 S.W.2d 871, 874-75 (Ky. App. 1999).

We hold that any advice to Nolan which resulted in a sentence of less than the maximum sentence he faced was not ineffective. Given Nolan's crimes and his position, it was quite possible that a jury would have recommended a much longer sentence than that for which he bargained. He has already had one hearing

before the Kentucky Parole Board, and even if he was not granted parole on that occasion, he clearly received a sentence with 20% parole eligibility.[5]

## CONCLUSION

We find that Nolan's contentions alleging ineffective assistance of counsel are without merit and affirm the trial court's denial of relief.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Gregory A. Ousley
Somerset, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Brett R. Nolan
Assistant Attorney General
Frankfort, Kentucky

---

[5] It is not clear from the record before us whether Nolan has completed the Sexual Offender Treatment Program, but it matters not to our determination.